"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WALTER PERKINS, III,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 07-3474 AN<br><br>ORDER AFFIRMING FINAL<br>DECISION OF THE COMMISSIONER |

**I. Background**

The Joint Stipulation ("JS")[1] and Administrative Record ("AR") establish Plaintiff seeks review of the Commissioner's final decision denying his claim for Supplemental Security Income ("SSI"). Plaintiff claims he became disabled on June 15, 1999, due to being HIV positive. Plaintiff does not take issue with the ALJ's findings that Plaintiff's subjective complaints were not credible. Instead, in the sole disputed issue, Plaintiff generally contends the Commissioner's final decision should be reversed because the Administrative Law Judge ("ALJ") did not give specific and legitimate reasons for rejecting two opinions that his treating physician, Dr. Doanh Lu, expressed on June 1,

---

[1] Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the AR, and the JS.

Page 1

1  2006, about Plaintiff's limitations and the expected duration of the limitations. (JS at 4.)
2  Dr. Lu expressed her opinions in a Residual Functional Capacity Questionnaire
3  ("RFCQ") dated June 1, 2006. (JS at 1-7; AR 194-200.)

4  In the RFCQ dated June 1, 2006, Dr. Lu reported that she had treated Plaintiff for
5  HIV/AIDS and peripheral neuropathy since October 27, 2005, and that his prognosis was
6  fair. (AR 194.) Dr. Lu opined that, in an 8-hour work day, Plaintiff had the RFC to lift
7  and carry less than ten pounds occasionally and, in an eight hour workday, he could stand
8  and walk for two hours, and sit for four hours. (AR 197.) Dr. Lu also opined Plaintiff
9  had limitations in handling, fingering and reaching (AR 199), suffered from drowsiness
10 as a result of his medications (AR 197), and would be absent from work about three times
11 a month (AR 200). In response to a question that asked Dr. Lu whether Plaintiff's
12 "impairments lasted or can they be expected to last at least 12 months," Dr. Lu answered
13 "Yes." (AR 197.)[2] The RFCQ expressly directs the physician to "[a]ttach all relevant
14 treatment notes, laboratory and test results which have not been provided previously to
15 the Social Security Administration." (AR 194). None of Dr. Lu's treatment records,
16 notes, laboratory or test results are attached to the RFCQ, and none of these records
17 appear to be included in the AR.

18 Approximately three months earlier, on February 9, 2006, Dr. Lu reported that,
19 based upon her January 19, 2006 examination of Plaintiff, she found Plaintiff had a RFC
20 to lift and carry 50 pounds occasionally and 10 pounds frequently, stand and walk for six
21 hours in an 8-hour day, sit for six hours in an 8-hour day, and had good functional status
22 in his fingers despite pain. (AR 20, 181.)

## II. Discussion

**A.  Legal Standard**

25 A treating physician's opinion "is not necessarily conclusive as to either a physical
26 condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751

---

[2]  Dr. Lu expressed other opinions in the RFCQ but Plaintiff only focuses on the two opinions that he contends the ALJ did not give proper reasons for rejecting. (JS 4-7.)

1 (9th Cir. 1989). Consequently, a treating physician's opinion is not necessarily binding.
2 *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The weight
3 given a treating physician's opinion depends on whether it is supported by sufficient
4 medical data and is consistent with other evidence in the records. 20 C.F.R. §
5 404.1527(d)(2). When an ALJ rejects the opinion of the treating physician in favor of a
6 conflicting opinion, the ALJ must generally provide "specific and legitimate reasons
7 supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d
8 821, 830 (9th Cir. 1995) (internal quotation marks omitted); *Reddick v. Chater*, 157 F.3d
9 715, 722 (9th Cir. 1998). "The ALJ can meet this burden by setting out a detailed and
10 thorough summary of the facts and conflicting clinical evidence, stating his
11 interpretations thereof, and making findings." *Magallanes*, 881 F.2d at 751. However,
12 "[t]he ALJ may disregard a treating physician's opinion whether or not that opinion is
13 contradicted," where, for example "a treating physician's opinion is 'brief and
14 conclusionary in form with little in the way of clinical findings to support [its]
15 conclusion.'" *Id.*; *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("When
16 confronted with conflicting medical opinions, an ALJ need not accept a treating
17 physician's opinion that is conclusory and brief and unsupported by clinical findings.");
18 *Thomas v. Barnhart*, 278 F. 3d 947, 957 (9th Cir. 2002) (same).

19 **B.     The ALJ's Rejection of Dr. Lu's Opinion re functional limitations**

20        Based largely upon Dr. Lu's February 9, 2006 opinion, the ALJ rejected Dr. Lu's
21 June 1, 2006 opinion regarding Plaintiff's functional limitations for the following reason:

22> Moreover, it appears that Dr. Lu's assessment as of June
23> 1, 2006 was somewhat exaggerated when compared to that
24> doctor's assessment just several months prior at which time it
25> was noted that [Plaintiff] had 'good functional status' although
26> having pain in his fingers. I note the possibility always exists
27> that a doctor may express an opinion in an effort to assist a
28> patient with whom he or she sympathizes for one reason or

>                   another, or the patient may be quite insistent in seeking
>                   supportive notes. While it is difficult to confirm the presence
>                   of such motives, they are more likely in situations where the
>                   opinion in question departs substantially from the rest of the
>                   evidence of record, as in this case."

(AR 21.) The ALJ explained he agreed with the conflicting opinion of Dr. Alex Bloom, a consulting physician, who opined that, as of October 17, 2005, Plaintiff "is able to lift/carry 20 pounds occasionally, 10 pounds frequently, and stand/walk 4 hours in an 8 hour day with no restrictions on sitting or manipulation." (AR 20.)

The Court finds the ALJ gave a specific but not a legitimate reason for rejecting Dr. Lu's June 1, 2006 opinion regarding Plaintiff's limitations. Absent "evidence of actual improprieties," the Commissioner "may not assume that doctors routinely lie in order to help their patients collect disability benefits." *Lester*, 81 F.3d at 832. Consequently, "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Id.* Here, the ALJ does not proffer any evidence of actual improprieties on the part of Dr. Lu that come close to supporting his illegitimate suggestion that she possibly exaggerated her June 1, 2006 opinion about Plaintiff's limitations in order to obtain SSI benefits. Further, the objective medical evidence in the record shows that Plaintiff's HIV condition was not disabling before June 1, 2006, and that he did not start taking any HIV medications to halt or improve his HIV condition until sometime in March, 2006 (according to Plaintiff) or June 1, 2006 (as found by the ALJ). Consequently, a negative change in Plaintiff's HIV condition from February 9 to June 1, 2006, is possible, especially where Plaintiff was not taking any HIV medications during this time. (JS at 5.) In this regard, the Court finds the ALJ's reason is not supported by substantial evidence. Further, as Plaintiff asserts, if Dr. Lu was inclined to exaggerate in order to help Plaintiff collect benefits, Dr. Lu could easily have done so by overstating Plaintiff's functional limitations in her February 9, 2006 report. (*See* JS at 6.) Accordingly, the Court finds the ALJ did not give specific and legitimate reasons

1  for rejecting this aspect of Dr. Lu's June 1, 2006 opinion.  Because the Court finds the
2  ALJ did not give proper reasons for rejecting Dr. Lu's opinion regarding Plaintiff's RFC
3  and limitations as of June 1, 2006, this Court assumes her June 1, 2006 limitation findings
4  are correct.  Having said that, however, and for the reasons discussed below in Section
5  D of this Order, the Court finds this error was harmless.

6  **C.    The ALJ's Rejection of Dr. Lu's Opinion re Duration**

7        The ALJ's decision shows that he rejected Dr. Lu's June 1, 2006 opinion about the
8  expected duration of Plaintiff's June 1, 2006 functional limitations because Plaintiff had
9  started taking HIV medications in March or June of 2006, "[t]herefore, the severity noted
10 by Dr. Lu as of June 1, 2006 would not be expected to last for a continuous period of 12
11 months as the claimant would be expected to respond to treatment."  (AR 21).  Further,
12 the ALJ found that, given that Dr. Lu found Plaintiff had a "good functional status" with
13 only finger pain just two months before he started taking the HIV medications, the ALJ
14 explained that he also found "[i]t is reasonable that, with the proper medication, that good
15 functional status will be restored."  (AR 22.)

16       The record does not show, and Plaintiff does not expressly dispute in the JS, that
17 his HIV condition actually disabled him within the meaning of the Social Security Act
18 as of 1999, his alleged onset date.  Further, aside from Dr. Lu's June 1, 2006 opinion,
19 which was rendered just six days before the June 7, 2006 hearing, there is nothing in the
20 record that shows Plaintiff's HIV condition disabled him.

21       After reviewing the entire record, the Court also finds the ALJ's decision does set
22 forth a specific and legitimate reason for rejecting Dr. Lu's opinion about the expected
23 duration of Plaintiff's June 1, 2006 functional limitations.  The ALJ did not err in
24 disregarding or rejecting it for the reasons he gave because Dr. Lu's opinion about the
25 duration of Plaintiff's functional limitations was brief, conclusory and not supported by
26 clinical findings.  *Magallanes*, 881 F.2d at751.  Aside from mentioning Plaintiff
27 experienced "drowsiness with Sustiva," which is also brief, conclusory, and devoid of
28 clinical support, Dr. Lu does not explain why she found Plaintiff's June 1, 2006

Page 5

1 functional limitations had lasted or would be expected to last continuously for at least
2 twelve months from June 1, 2006 in spite of the Sustiva and other HIV medications. Nor
3 did she support her opinion by attaching copies of her clinical and treatment notes to the
4 RFCQ as instructed. On the other hand, it was reasonable for the ALJ to infer and find
5 neither Dr. Lu nor Plaintiff's physicians prescribed the HIV medications to make his
6 condition worse or to accelerate his decline. In the absence of any specific explanation
7 from Dr. Lu to the contrary, it was objectively reasonable for the ALJ to infer and find
8 that Plaintiff was prescribed the HIV medications sometime in March 2006 because the
9 HIV medications were expected to stabilize or restore his condition to the "good
10 functional status" that Dr. Lu reportedly found two months earlier provided that Plaintiff
11 continued to take the HIV medications in the manner directed by his treating physicians.[3]
12 *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) ("the ALJ is entitled to draw
13 inferences 'logically flowing from the evidence'").

14 Accordingly, the Court finds the ALJ gave a specific and legitimate reason that was
15 supported by substantial evidence in the record for rejecting this aspect of Dr. Lu's
16 opinion, which was brief, conclusory, and not supported by clinical findings.

17 **D.     Plaintiff Has Failed to Show His Disability Lasted The Required Time**

18 In order to qualify for disability benefits, a claimant must establish that he is unable
19 to engage in "substantial gainful activity" due to a "medically determinable physical or
20 mental impairment" which "has lasted or can be expected to last for a continuous period
21 of not less than 12 months." *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990)
22 (quoting 42 U.S.C. § 423(d)(1)(A)). "A claimant will be found disabled only if the
23 impairment is so severe that, considering age, education, and work experience, that

---

25 [3] The Court notes that, in rejecting Plaintiff's subjective complaints, the ALJ
26 considered that even though Plaintiff testified that "[h]is doctors told him not to drink when he is taking HIV medication," Plaintiff drinks one 22 ounce container of beer
27 "twice a week," that he drank the day before the hearing, and that he has sustained 3 DUIs. (AR 21). A claimant's failure to follow a prescribed course of treatment is a
28 proper basis for rejecting a claimant's subjective complaints. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

Page 6

person cannot engage in any other kind of substantial gainful work which exists in the national economy." *Id.*

As discussed above, the Court finds nothing in the record shows that Plaintiff's HIV condition was remotely disabling before June 1, 2006, and that the Court assumes Plaintiff's functional limitations as of June 1, 2006, were those found by Dr. Lu. The hearing before the ALJ took place on June 7, 2006, and the ALJ issued his unfavorable decision on June 20, 2006 -- just 6 and 19 days, respectively, after Dr. Lu expressed her June 1, 2006 opinions in question. For the reasons explained in Section C, above, the ALJ properly rejected Dr. Lu's opinion regarding the expected duration of Plaintiff's functional status. Accordingly, the ALJ properly found Plaintiff "was not under a disability as defined in the Social Security Act, at any time through the date of the decision[,]" because he did not satisfy the minimum twelve month duration period.

### III.  Conclusion

Based upon the foregoing, the Court finds the Commissioner's final decision is free of legal error and supported by substantial evidence in the record. IT IS THEREFORE ORDERED that a judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice.

DATED:    August 7, 2008        /s/    ARTHUR NAKAZATO
                                        ARTHUR NAKAZATO
                                        UNITED STATES MAGISTRATE JUDGE